UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CIVIL ACTION NO.:

EDDIE I. SIERRA,

    Plaintiff,

vs.

CITY OF HALLANDALE BEACH, FLORIDA

    Defendant.
_____/

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Plaintiff, EDDIE SIERRA, by and through his undersigned counsel, hereby files his Complaint against the CITY OF HALLANDALE BEACH, Florida for declaratory and injunctive relief, and states in support as follows.

## **INTRODUCTION**

1. This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced, to redress unlawful disability-based practices and to make plaintiff Eddie Sierra whole. Defendant CITY OF HALLANDALE BEACH, Florida ("HALLANDALE BEACH") is a public entity which denied Eddie I. Sierra both access to Defendant's various archived video for streaming on demand, as located throughout its website; on the basis of his disability, being hard of hearing and deaf. In so doing, HALLANDALE BEACH denied Eddie I. Sierra a fundamental right to observe and participate in the democratic

1

process of self-government.

2. HALLANDALE BEACH's archived online video content constitutes "programs, services and activities" that are available to anyone who accesses Defendant's website. However, this content is not available for persons who are deaf or hard of hearing due to barriers to access, including but not limited to closed captioning. 28 CFR §35.130.

3. Qualified or otherwise qualified individuals who are deaf require auxiliary aids or services, such as closed captioning services, to meaningfully access the online audiovisual content and audio content. HALLANDALE BEACH's content, as identified *infra*, is not closed captioned.

4. Plaintiff brings this action against HALLANDALE BEACH to enforce Section 504 of the Rehabilitation Act requiring that a public entity receiving federal financial assistance, which the HALLANDALE BEACH receives each year, must not deny persons with disabilities the benefits of its programs, services and activities. [1]

5. By failing to provide auxiliary aids or services, HALLANDALE BEACH deprives deaf and hard of hearing individuals the benefits of its online content, a benefit afforded to non-disabled individuals, thereby increasing the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

6. Plaintiff requested that HALLANDALE BEACH provide auxiliary aids and services—closed captions—for its online content in a timely and accurate fashion. To date, HALLANDALE BEACH has provided closed captions for its online audiovisual content for a narrow subset of video content available on its website, but the vast majority of the video content remains inaccessible.

---

[1] See 29 USC §794(a)

7. HALLANDALE BEACH's denial of much of its publicly available online content to deaf and hard of hearing persons violates Section 504 of the Rehabilitation Act and Title II of the ADA.

8. Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that deaf and hard of hearing individuals have equal, effective and timely access to HALLANDALE BEACH's publicly available online content, and other damages as pled *infra*.

## JURISDICTION AND VENUE

9. Plaintiff brings this action under sections 12132 and 12133 of the ADA, 42 U.S.C. §§12132 and 12133 incorporating by reference the remedies, procedures and rights under the Rehabilitation Act, 29 U.S.C. §§794 and 794a(a)(2) and (1)(a), and under section 505 of the Rehabilitation Act, which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) incorporating the remedies, rights and procedures set forth in section Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et. seq.

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12188. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, and 1343.

11. On best information and belief, HALLANDALE BEACH's unlawful practices have occurred since May 2014 and continue to occur in the Southern District of Florida.

12. Plaintiff has visited Defendant's website in the past including August 4, 2017 and intends to continue to visit Defendant's website in the immediate future. Defendant's website constitutes a "Program and Activity" under the Rehabilitation Act 29 U.S.C. §794(b)(1)(A). However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's website, Plaintiff will

continue to be denied full and equal access to the video content on Defendant's website and Facebook page.

13.     Plaintiff is expressly authorized to bring this action under the Americans with Disabilities Act (ADA) 42 U.S.C. Sections 12132 and 12133, incorporating by reference the remedies and procedures and rights under the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) and under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et. seq.  Plaintiff has complied with all conditions precedent to bring this action.

14.     On best information and belief, Defendant's video content in Exhibit A is exempt from the closed captioning mandate under the Twenty-First Century Communications and Video Accessibility Act (CVAA) and the CVAA implementing regulations.  Therefore, Plaintiff does not have administrative remedies available at the Federal Communications Commission (FCC) under the CVAA because Defendant is not subject to the CVAA or alternatively, because Defendant's video content is not covered under the CVAA or the enacting regulations.  *See, FCC Close Out Letter* for Complaint Ticket #1578109 (Exhibit B).  However, regardless of whether the content in Exhibit A is subject to the CVAA, the FCC has ruled say that Defendant's video content must still comply with the ADA and the Rehabilitation Act of 1973.  "[W]hen it [FCC] adopted closed captioning mandates for television, the Commission made clear that entities that qualify for an exemption from the FCC's closed captioning requirements may be obligated under other federal statutes, such as the Americans with Disabilities Act (ADA), to make their services and programs, including video programming services accessible to individuals with disabilities.  *Closed*

4

*Captioning and Video Description of Video Programming, Implementation of Section 305 of the Telecommunications Act of 1996, Video Programming Accessibility,* Report and Order 13 FCC Rcd 3272, 3342, n.534 (1997) (1997 Closed Captioning Order).  "[T]he Commission's rules and are not intended to 'preclude or supersede the operation of federal laws that may require an exempt for the [the FCC's closed captioning requirements] to make its video programming services accessible to people with disabilities." *1997 Closed Captioning Order*, 13 FCC Rcd 3272, 3342, n.534.  *See also* 28 CFR Appendix B to part 35, Guidelines of ADA Regulation and Nondiscrimination on the Basis of Disability in State and Local Government Services, 56 FR 35696, 35712 (July 26, 1991) (noting that television and videotape programming produced by public entities is covered under 28 CFR §35.160, and further noting that "[a]ccess to audio portions of such programming may be provided by closed captioning").

## PARTIES

15.     The Plaintiff is an individual with a hearing disability in that Plaintiff is deaf. He is a disabled rights advocate serving on disability rights board(s) in South Florida.  Plaintiff works in Broward County, Florida and pays taxes in Broward County, Florida. He is substantially limited in the major life activity of hearing. Plaintiff does not understand or use sign language.

16.     Plaintiff is an otherwise qualified or qualified individual with a disability in that Plaintiff is qualified to access HALLANDALE BEACH's video streaming program or service.

16.     Due to his disability, the Plaintiff requires auxiliary aids and services, such as closed captioning services, to be able to participate in and receive the benefit of the HALLANDALE BEACH's online videos and content.

17.      HALLANDALE BEACH is a public entity within the meaning of Title II of the

Americans with Disabilities Act and at all times relevant has been a recipient of federal funds under the Rehabilitation Act of 1973. HALLANDALE BEACH is a body corporate and political subdivision of the State of Florida.

18.     HALLANDALE BEACH's largest age demographic is people over 65 years of age. According to the National Institutes of Health, National Institute on Deafness and other Hearing Disorders, one-third of adults between 65 and 74 years of age has hearing loss and nearly half of those over 75 have difficulty hearing.  Providing closed captions would allow Plaintiff and others to benefit from the live streamed meetings, on demand meetings and Facebook videos.

## GENERAL ALLEGATIONS

19.     HALLANDALE BEACH also has archived video on its website.  Attached as Exhibit A to Plaintiff's Complaint is a list of City Commission, Workshop, Hallandale Beach Community Redevelopment Agency meetings from May 2014 to May 2016.  Also included are the videos compromising the Hallandale Beach Tour Book which features videos covering topics such as quality of life; education; parks; tourism and things to do; business and industry; Chamber of Commerce; economic development; community organization; and leaders in the community. There are additional videos included on a URL at www.HallandaleBeach360.net.  These videos show the City Council discussing and voting on zoning applications, procurement contracts, tax rates, cultural activities, tourism; and business and industry.  In short, much of HALLANDALE BEACH's recent history is preserved on these videos.   None of the archived videos listed in Exhibit A are closed captioned.  Therefore, none of these videos are accessible to Plaintiff because he cannot understand the audio portion of the videos.

6

20. Defendant also has videos on its Facebook.com page from which it shares information with the public. None of the video content on the Facebook.com page is closed captioned, even though Facebook has given users the ability to closed caption their video content. Those videos range in date from July 2014 to September 2016. The Facebook videos are on this link: https://www.facebook.com/pg/CityOfHallandaleBeach/videos/?ref=page_internal.

21. Persons who are not limited in the major life activity of hearing can use HALLANDALE BEACH's live streaming and on demand video service to watch and listen to HALLANDALE BEACH's legislative decision-making activities via the live streaming service. They are also able to meaningfully use and benefit from other archived videos from HALLANDALE BEACH.

22. The Plaintiff Sierra is prevented from observing and benefiting from or using in the HALLANDALE BEACH's archived content identified in Exhibit A because of his hearing disability.

23. Plaintiff will return to the HALLANDALE BEACH website in the near future to use its video archives of City Council meetings and other activities, but for the unlawful barrier created by HALLANDALE BEACH's refusal to provide closed captioning services for its archived videos. Thus, Plaintiff has been effectively barred from access to the HALLANDALE BEACH's online video.

24. On or about July 20, 2017, Plaintiff, in his role as an advocate for disabled persons, requested that HALLANDALE BEACH provide auxiliary aids and services including but not limited to closed captioning of videos on its website. After Defendant failed to respond to Plaintiff's request, another request for closed captioning was sent via FEDEX to HALLADALE

BEACH. Plaintiff requested closed captioning because he does not use or understand sign language.

25. HALLANDALE BEACH has failed to provide Plaintiff with any of the requested auxiliary aids and services for the video content attached in Exhibit A.

26. On August 4, 2017 Plaintiff was denied access to HALLANDALE BEACH's archived videos identified in Exhibit A. The archived videos remain inaccessible because they are not closed captioned.

27. Defendant has not provided auxiliary aids or services, including but not limited to closed captioning services, for those video recordings Defendant has made available via Facebook.com. As of this filing, those video and audio recordings remain inaccessible to Plaintiff.

28. At all relevant times, HALLANDALE BEACH is a public entity as defined in 42 U.S.C. Section 12131(1) of the ADA, in that it is a local government entity, a body corporate and political subdivision of the State of Florida.

29. At all times relevant, HALLANDALE BEACH has been a recipient of federal financial assistance.

30. Since at least May 2014, HALLANDALE BEACH has engaged in unlawful practices in violation of the ADA Section 12132; 28 C.F.R. 35.130(a)-(b)(1), 28 C.F.R. 35.160(a) and (b)(2) and in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794. These practices include but are not limited to denying Eddie I. Sierra, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided

by HALLANDALE BEACH access to the on demand video services of HALLANDALE BEACH.

31. For its archived video content, identified above in Exhibit A, HALLANDALE BEACH has acted with deliberate indifference to the provisions of the Rehabilitation Act and Title II of the ADA regarding the unlawful practices described herein because HALLANDALE BEACH is aware of the availability of auxiliary aids and services and does not provide any such services, including but not limited to closed captioning, for its content identified in Exhibit A, and has failed to provide such auxiliary aids and services upon notice of Plaintiff's request for the same.

32. The international website standards organization, W3C, has published widely-accepted guidelines ("WCAG 2.0 AA") for making video content accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice, the Federal Courts and adopted by the United States Access Board, an independent federal agency that promotes equality for people with disabilities, as the standard for the federal government.

33. HALLANDALE BEACH's online video content as referenced in Exhibit A does not comply with the WCAG 2.0 AA guidelines.

34. Plaintiff has retained J. Courtney Cunningham, PLLC as his legal counsel in this action, and has agreed to pay said law firm reasonable attorneys' fees and costs of litigation.

## COUNT I
## VIOLATION OF TITLE II OF THE ADA

35. Plaintiff adopts the allegations in paragraphs 1 through 34 as if fully set forth herein, and would further state:

36. Defendant's streaming of video content referenced in Exhibit A is a service, program or activity within the definition of Title II of the Americans with Disabilities Act.

37. On August 4, 2017 Plaintiff was denied access to Defendant's video content available on Defendant's website attached as Exhibit A.

38. Plaintiff had previously requested that Defendant provide an auxiliary aid and service—closed captioning--or use of its archived video content.

39. Defendant failed to provide an auxiliary aid and service for Plaintiff after receipt of Plaintiff's multiple requests for the same and for the archived videos in Exhibit A.

40. Defendant has denied Plaintiff the opportunity to participate in or benefit from the programs, services and activities afforded to persons who are not hearing-impaired.

41. Defendant has denied Plaintiff these opportunities due to Plaintiff's disability, i.e. his hearing impairment.

42. Defendant denied Plaintiff the opportunity to participate in and benefit from a service, program, or activity due to Plaintiff's disability.

43. Defendant has failed to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied participation in a service, program or activity, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44. Defendant has failed to provide auxiliary aids and services for the video content referenced in Exhibit A, including but not limited to "qualified interpreters on-site or through video

remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing." 28 C.F.R. § 35.104 (1)

45. Providing closed captions as requested or the auxiliary aids and services as stated in paragraph 44 above would not result in any undue burden to Defendant.

47. Providing auxiliary aids and services as stated in paragraph 45 would not fundamentally change the nature of the service, program or activity.

48. Plaintiff remains unable to equally and fully access the Defendant's video archives in Exhibit A for as long as Defendant fails to comply with the ADA and WCAG 2.0 AA standards.

49. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE the Plaintiff requests relief as set forth below:

A. A Declaratory Judgment finding that, as of the commencement of this action, Defendant was in violation of the specific requirements of Title II of the ADA described above, and the relevant implementing regulations of the ADA, in that

    Defendant took no action that was reasonably calculated to ensure that its websites are fully accessible to, and independently usable by, disabled and hearing-impaired individuals;

B.   A permanent injunction pursuant to 42 U.S.C. §12188(a)(2) and 28 CFR §35.160(a)1 and (b)1 which directs Defendant to take all steps necessary to bring its website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its website is fully accessible to, and independently usable by, hearing-disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C.   That Defendant ensures that all employees involved in website video content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

D.   That Defendant create an accessibility policy that will be posted on its Website, along with an e-mail address and toll free phone number to report accessibility-related problems.

E.   Payment of costs of suit;

F.   Damages to Plaintiff as compensation for Defendant's deliberate indifference to violating Plaintiff's rights under the ADA and Rehabilitation Act.

G.   Payment of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §12205 and 28

CFR §35.175; and

H. Any and all other relief this Court deems necessary and just.

## **COUNT II**

## **VIOLATION OF THE REHABILITATION ACT OF 1973**

50. Plaintiff adopts the allegations in paragraphs 1 through 34 as if fully set forth herein.

51. Defendant's video content identified in Exhibit A, includes HALLANDALE BEACH's archived City Council and other government meeting videos. Exhibit A also includes videos from the Hallandale Beach Tour Book and from www.HallandaleBeach360.net. None of the archived video content is closed captioned.

52. At all times relevant, HALLANDALE BEACH has been a recipient of federal financial assistance bringing HALLANDALE BEACH under the Rehabilitation Act which prohibits discrimination against qualified or otherwise qualified individuals in the recipient's "programs or activities".

53. The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of State or local government. HALLANDALE BEACH is an instrumentality of State or local government. Defendant's publicly available online content and streaming services is a "program or activity" within the meaning of the Rehabilitation Act. 29 U.S.C. Section 794(b)(1)(A).

54. On or about July 20, 2017 Plaintiff requested that HALLANDALE BEACH provide effective communications by granting auxiliary, aids and services--closed captioning of videos in Exhibit A. After Defendant failed to respond to Plaintiff's request, another request for closed captioning was sent via FEDEX to HALLADALE BEACH. Plaintiff requested closed captioning

because he does not use or understand sign language.

55. HALLANDALE BEACH has failed to provide Plaintiff with the requested auxiliary aids and services.

56. On August 4, 2017 Plaintiff was denied access to HALLANDALE BEACH's live stream of its City Council meeting and archived video content solely by reason of his disability. This denial of access to Defendants "program or activity" subjected Plaintiff to discrimination, excluded Plaintiff from participation in the program or activity and denied Plaintiff the benefits of Defendants live streamed and archived video streaming service. As of this filing, the videos identified in Exhibit A remain uncaptioned and inaccessible to qualified or otherwise qualified persons.

57. The international website standards organization, W3C, has published widely-accepted guidelines ("WCAG 2.0 AA") for making video content accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and by Federal Courts and the United States Access Board.

58. HALLANDALE BEACH's live streamed City Council meetings and archived video recordings in Exhibit A do not comply with the WCAG 2.0 AA guidelines.

59. Plaintiff is expressly authorized to bring this action under the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and 794a(a)(2) and (b)(1)(A), and under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et. seq.

60. At all times relevant, the HALLANDALE BEACH has been a recipient of federal

financial assistance having received federal funds bringing HALLANDALE BEACH under the Rehabilitation Act.

61. Since at least May 2014, HALLANDALE BEACH has engaged in unlawful practices in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794. These practices include but are not limited to denying Eddie I. Sierra, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided by HALLANDALE BEACH

62. HALLANDALE BEACH has acted with deliberate indifference to the provisions of the Rehabilitation Act and Title II of the ADA in regards to the unlawful practices described herein because HALLANDALE BEACH is aware of the availability of auxiliary aids and services and fails to provide any such services, including but not limited to closed captioning for its content identified in Exhibit A and has failed to provide such auxiliary aids and services upon notice of Plaintiff's request for the same.

63. As a direct and proximate result of HALLANDALE BEACH's unlawful discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE the Plaintiff requests relief as set forth below:

A. A Declaratory Judgment finding that, as of the commencement of this action, Defendant was in violation of the specific requirements of Rehabilitation Act and its relevant implementing regulations, in that Defendant took no action that was reasonably calculated to ensure that its video content described herein was fully

accessible to, and independently usable by, disabled and hearing-impaired individuals;

B. A permanent injunction pursuant to 42 U.S.C. §12133; 28 CFR §35.160(a)1 and (b)1 and 29 U.S.C. § 794a(a)(2) which directs Defendant to take all steps necessary to bring its video content into full compliance with the requirements set forth in the ADA, and its implementing regulations, and the Rehabilitation Act of 1973, so that its video and live streaming content is fully accessible to, and independently usable by, hearing-disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. That Defendant ensure that all employees involved in website video content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

D. That Defendant create an accessibility policy that will be posted on its website, along with an e-mail address and toll-free phone number to report accessibility-related problems.

E. Damages to Plaintiff as compensation for violating Plaintiff's rights under the Rehabilitation Act of 1973.

F. Payment of costs of suit;

G. Payment of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §794(a)(b) of the Rehabilitation Act; and

H. Any and all other relief this Court deems necessary and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 2nd day of November 2017.

                                        Respectfully Submitted,

                                        J. Courtney Cunningham PLLC
                                        Counsel to Plaintiff
                                        FBN. 628166
                                        8950 SW 74th Court, Suite 2201
                                        Miami, FL 33156
                                        Tel: (305) 351-2014

                                        **By: /s/ J. Courtney Cunningham**
Email: cc@cunninghampllc.com