UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO.: 1:17-CV-24045-FAM

EDDIE I. SIERRA,

    Plaintiff,

vs.

HALLANDALE BEACH, FLORIDA

    Defendant.
_____/

**AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF**

    The Plaintiff, EDDIE SIERRA, by and through his undersigned counsel, hereby files his Complaint against HALLANDALE BEACH, Florida for declaratory and injunctive relief, and in support states as follows.

**INTRODUCTION**

    1.    Mahatma Gandhi said, **"The true measure of any society can be found in how it treats its most vulnerable members."** Plaintiff Eddie Sierra is deaf. Plaintiff advocates for our society's most vulnerable, the elderly and persons with disabilities and brings this action to force HALLANDALE BEACH to end its discriminatory policies and practices; to provide him with equal access to its services, programs, and activities; and to cease its violation of his fundamental rights under the United States Constitution. This action is brought under Title II of the Americans with Disabilities Act of 1990 and Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced, to redress

1

unlawful disability-based practices. Plaintiff seeks damages and injunctive relief to make him whole. Defendant HALLANDALE BEACH, Florida ("HALLANDALE BEACH") is a public entity which denied Eddie I. Sierra access to Defendant's archived legislative meeting video, standard video streaming, social media video content, and the video content on the homepage of its website www.hallandalebeachfl.gov on the basis of his disability. In so doing, HALLANDALE BEACH denied Eddie I. Sierra a fundamental right to observe and participate in the democratic process of self-government under the United States Constitution. Federal judges in the Tenth and Eleventh Circuit have held that Constitutional rights are implicated when deaf plaintiffs are seeking access to legislative video on public entity websites: "The right to meaningful participation in the political process and right of access to publicly available information needed to participate in the process is a fundamental right, and an infringement of the right should receive heightened scrutiny." *See Johnny Reininger, Jr. v. State of Oklahoma,* Case No. 5:16-cv-01241-D (W.D. Okla. November 9, 2017) (DE 40); *National Association of the Deaf et al v. State of Florida et al.,* 318 F.Supp.3d 1338 (S.D. Fla. June 18, 2018). *National Association of the Deaf* is presently on appeal for separate issues.

2. HALLANDALE BEACH's video streaming of online content constitutes "programs, services and activities" that are available to anyone who accesses its website or social media pages. However, this content is not available for persons who are deaf or hard of hearing due to access barriers, including failure to provide closed captioning. 28 CFR §35.130.

3. Plaintiff and other qualified individuals who are deaf, require auxiliary aids or services, such as closed captioning services, to meaningfully access the online audiovisual content and audio content. HALLANDALE BEACH 's audiovisual content is not closed captioned.

2

4.      Plaintiff brings this action against HALLANDALE BEACH to enforce Section 504 of the Rehabilitation Act which requires that a public entity receiving federal financial assistance provide persons with disabilities with all the benefits of its programs, services and activities. [1] HALLANDALE BEACH 's budget includes federal financial assistance as a revenue source.

5.      By failing to provide auxiliary aids or services, HALLANDALE BEACH deprives deaf and hard of hearing individuals the benefits of its online content, a benefit afforded to non-disabled individuals, thereby increasing the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

6.      In February 2017, Hallandale Beach began captioning its legislative meeting videos. Defendant did not caption videos recorded before February 2017. On July 20, 2017 Plaintiff requested that HALLANDALE BEACH provide auxiliary aids and services—closed captions—for the video content created before February 2017. On September 20, 2017, Plaintiff's counsel forwarded Plaintiff's original request for captioning to then-mayor Joy Copper. HALLANDALE BEACH has not provided closed captions or any other auxiliary aids or services for its online audiovisual content created before February 2017 or any of its social media video content regardless of the date of creation.

7.      HALLANDALE BEACH 's denial of its publicly available online content to deaf and hard of hearing persons violates Section 504 of the Rehabilitation Act and Title II of the ADA.

8.      Accordingly, Plaintiff seeks injunctive, declaratory and compensatory relief to ensure that Plaintiff and other deaf and hard of hearing individuals have equal, effective and timely access to all of HALLANDALE BEACH's publicly available online content, and other damages

---

[1] See 29 USC §794(a)

as pled *infra*.

## JURISDICTION AND VENUE

9. Plaintiff brings this action under sections 12132 and 12133 of the ADA, 42 U.S.C. §§12132 and 12133 incorporating by reference the remedies, procedures and rights under the Rehabilitation Act, 29 U.S.C. §§794 and 794a(a)(2) and (1)(a) and (b)(1)(B), and under section 505 of the Rehabilitation Act, which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) incorporating the remedies, rights and procedures set forth in section Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et. seq.

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, as the claims presented arise under the Constitution and laws of the United States and 42 U.S.C. §12188. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, and 1343.

11. HALLANDALE BEACH 's unlawful practices have been occurring since 2014 and continue to occur in the Southern District of Florida.

12. Plaintiff is interested in the workings of local and state government. In that regard, he would like to observe how HALLANDALE BEACH government conducts its business; learn about its legislative history; participate in elder and disability rights advocacy; discover information about the City; explore activities and visitor information for the elderly and disabled; and learn about the City's disability rights policies. Plaintiff visited Defendant's website in the past including August 4, 2017 and numerous other times. He currently visits and intends to continue to visit Defendant's website in the immediate future and to view the video content and learn more about HALLANDALE BEACH government. Defendant's website constitutes a

"Program and Activity" under the Rehabilitation Act 29 U.S.C. §794(b)(1)(A) and (B). However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's website, Plaintiff will continue to be denied full and equal access to the video content on Defendant's website, and social media pages.

13. The Twenty-First Century Communications and Video Accessibility Act (CVAA) is not applicable to this action. See, *Sierra v. City of Hallandale Beach, Florida,* 2018 U.S. App. LEXIS 27592 (11th Cir. 2018).

## PARTIES

14. Plaintiff is deaf and is substantially limited in the major life activity of hearing. Plaintiff does not understand or use sign language. He has been deaf since he was five years of age. Plaintiff acts as an advocate for persons with disabilities and the elderly and operates a non-profit organization that addresses the needs of seniors.

15. Plaintiff is an otherwise qualified or qualified individual with a disability in that Plaintiff is qualified to access all content on HALLANDALE BEACH 's website including but not limited to all audio and audiovisual content such as streaming video.

17. Due to his disability, the Plaintiff requires auxiliary aids and services, such as closed captioning services, to be able to participate in and receive the benefit of HALLANDALE BEACH's online videos and content.

18. HALLANDALE BEACH is a public entity within the meaning of Title II of the Americans with Disabilities Act and at all times relevant has been a recipient/distributor of federal funds. The HALLANDALE BEACH City Commission distributes the federal funds it receives, through its budgetary and legislative process, under the Rehabilitation Act of 1973.

HALLANDALE BEACH is a body corporate and political subdivision of the State of Florida.

## GENERAL ALLEGATIONS

19.     HALLANDALE BEACH has four different platforms through which it streams video content.  Much of this video content is not captioned and so is not accessible to Plaintiff.  Links to all platforms are provided in footnotes below.   The first platform is called the Standard Video Stream through which HALLANDALE BEACH streams "regular programing, news and announcements".[2]  The standard video stream is not captioned.  The second platform is Legistar which is embedded on the HALLANDALE BEACH website.  This is the platform through which Defendant's archived legislative meeting video content is streamed.[3]  The videos for calendar year 2016 are not captioned.     The third platform is on the home page of Defendant's website www.hallandalebeachfl.gov.[4]  These videos are not captioned.  The fourth platform is Defendant's Facebook page where it has dozens of videos without captions. https://www.facebook.com/pg/CityOfHallandaleBeach/videos/?ref=page_internal.     Without captions, Plaintiff and others who are deaf or hard of hearing cannot under the video content thereby subjecting them to discrimination.

20.      Persons who are not limited in the major life activity of hearing are able to use HALLANDALE BEACH's live streaming and on demand video service to watch and listen to HALLANDALE BEACH 's legislative decision-making activities. They are also able to meaningfully use and benefit from other archived videos from HALLANDALE BEACH.

21.     Plaintiff Sierra is prevented from observing and participating in HALLANDALE

---

[2] http://hallandalebeach.granicus.com/player/camera/2?publish_id=2
[3] https://hallandalebeach.legistar.com/Calendar.aspx
[4] www.hallandalebeachfl.gov

6

BEACH's live streamed meetings or viewing its archived content identified in ¶19 because of his hearing disability.

22. To aid his advocacy, Plaintiff will return to the HALLANDALE BEACH website on a monthly basis to use its video archives and live-streaming services of future City Commission and other meetings and activities, but for the unlawful barrier created by HALLANDALE BEACH's refusal to provide closed captioning services for its archived videos and live streaming of its meetings. Thus, Plaintiff has been effectively barred from access to HALLANDALE BEACH 's online video and live streaming content.

23. On or about July 20, 2017 Plaintiff, in his own right and as an advocate for disabled persons, requested HALLANDALE BEACH, to provide auxiliary aids and services including but not limited to closed captioning of videos on its website. Plaintiff requested closed captioning because he does not use or understand sign language.

24. HALLANDALE BEACH has failed to provide Plaintiff with captioning or any of the other requested auxiliary aids and services for its archived content.

25. Plaintiff has been denied access to Defendant's online videos on numerous occasions as stated in ¶12. Plaintiff was denied access to HALLANDALE BEACH 's archived videos identified in ¶19. The archived videos remain inaccessible because they are not closed captioned.

26. HALLANDALE BEACH is a public entity as defined in 42 U.S.C. Section 12131(1) of the ADA, in that it is a local government entity, a body corporate and political subdivision of the State of Florida.

27. As a public entity, Defendant must:

    a) Provide full and equal enjoyment of its services, programs, and activities in

the *most integrated setting* appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

  b) Ensure that no individual with a disability is excluded, denied services, *segregated, or otherwise treated differently* than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

  c) Ensure that no individual with a disability is excluded, denied services, *segregated or otherwise treated differently* than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).   (emphasis added).

28. At all times relevant, HALLANDALE BEACH has been a recipient of federal financial assistance.

29. Since at least 2014[5], HALLANDALE BEACH has engaged in unlawful practices in violation of the ADA Section 12132; 28 C.F.R. 35.130(a)-(b)(1), 28 C.F.R. 35.160(a) and (b)(2) and in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794. These practices include but are not limited to denying Plaintiff Eddie I. Sierra, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential

---

[5] Hallandale Beach previously had uncaptioned video content from 2014 and 2015 which it has removed from its website.

eligibility requirements for the receipt of services to participate in programs or activities provided by HALLANDALE BEACH including access to the on demand and streaming video services of HALLANDALE BEACH .

30. For its archived video content, identified above in ¶19, HALLANDALE BEACH has acted with deliberate indifference to the provisions of the Rehabilitation Act and Title II of the ADA regarding the unlawful practices described herein because HALLANDALE BEACH received Sierra's request for auxiliary aids; is aware that by failing to provide such auxiliary aids and services it is violating federally protected rights; is aware of the availability of auxiliary aids and services and refuses to provide closed captioning, for its content identified in ¶19, and has failed to provide such auxiliary aids and services upon notice of Plaintiff's request for the same.

31. The international website standards organization, W3C, has published widely-accepted guidelines ("WCAG 2.0 AA") for making video content accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice, the Federal Courts and adopted by the United States Access Board, an independent federal agency that promotes equality for people with disabilities, as the standard for the federal government.

32. HALLANDALE BEACH 's online video content as referenced in ¶19 does not comply with the WCAG 2.0 AA guidelines.

33. Plaintiff has retained J. Courtney Cunningham, PLLC as his legal counsel in this action, and has agreed to pay said law firm reasonable attorneys' fees and costs of litigation.

## COUNT I
## VIOLATION OF TITLE II OF THE ADA

34. Plaintiff adopts and realleges the allegations in paragraphs 1 through 33.

35. Defendant's streaming of video content referenced in ¶19 is a service, program or activity within the definition of Title II of the Americans with Disabilities Act.

36. Plaintiff has visited Defendant's website on different occasions as stated in ¶12. Each time, Plaintiff was denied access to Defendant's video content available on Defendant's website described at ¶19.

37. On July 20, 2017, Plaintiff requested that Defendant provide an auxiliary aid and service for use of its archived video of its City Commission meetings. Plaintiff's counsel made the same request on Plaintiff's behalf on September 20, 2017.

38. Defendant failed to provide an auxiliary aid and service for Plaintiff after receipt of Plaintiff's request for the same and for the archived videos in ¶19.

39. Defendant has denied Plaintiff the opportunity to participate in or benefit from the programs, services and activities afforded to persons who are not hearing-impaired. Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. Part 35.

40. Defendant has denied Plaintiff these opportunities due to Plaintiff's disability, i.e. his hearing impairment, being deaf.

41. Defendant denied Plaintiff the opportunity to participate in a service, program, or activity due to Plaintiff's disability, being deaf.

42. Defendant has failed to take such steps as may be necessary to ensure that no

10

individual with a disability is excluded, denied participation in a service, program or activity, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. As a public entity and pursuant to Title II, Defendant must also take appropriate steps to ensure that its communications with individuals with disabilities are as effective as communications with others, and furnish the appropriate auxiliary aids and services, such as closed captioning, to afford individuals with disabilities an equal opportunity to participate in, and enjoy the benefits of it services, programs or activities. 28 C.F.R. §§ 35.160 (a)-(b).

43. Defendant has failed to provide auxiliary aids and services for the video content referenced in ¶19; *open and closed captioning, including real-time captioning*; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing." 28 C.F.R. § 35.104 (1) (emphasis supplied)

44. Defendant has a multimillion-dollar yearly budget. Providing closed captions as requested or the auxiliary aids and services as stated in paragraph 43 above would not result in any undue burden to Defendant.

45. Providing auxiliary aids and services as stated in paragraph 43 would not fundamentally change the nature of the service, program or activity.

46. As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

47. As long as Defendant fails to comply with the ADA, its regulations and WCAG 2.0 AA standards, Plaintiff remains unable to equally and fully access the Defendant's video archives as well as current and future live streaming content identified in ¶19.

48. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages.

## COUNT II

## VIOLATION OF THE REHABILITATION ACT OF 1973

49. Plaintiff adopts the allegations in paragraphs 1 through 33 as if fully set forth herein.

50. Plaintiff is expressly authorized to bring this action under the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and 794a(a)(2) and (b)(1)(A), and under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et. seq.

51. Defendant's video content identified in ¶19, includes HALLANDALE BEACH's archived City Commission meetings, Facebook and other videos. None of the archived video content is closed captioned, nor is all of the streaming content.

52. Congress enacted the Rehabilitation Act of 1973 to enforce the policy of the United States that all program, projects and activities receiving federal assistance "… be carried out in manner consistent with the principles of … inclusion, integration and full participation of the individuals [with disabilities]." 29 U.S.C. § 701(c)(3).

53. HALLANDALE BEACH is a recipient/distributor of federal financial assistance bringing HALLANDALE BEACH under the Rehabilitation Act which prohibits discrimination

against qualified or otherwise qualified individuals in the distributor's or recipient's "programs or activities".

54. Section 504 of the Rehabilitation Act prohibits recipients of federal funding from discriminating against disabled persons and requires that facilities, programs or activities operated by a federally-funded entity or an entity that distributes federal financial assistance be readily accessible to persons with disabilities. See 28 C.F.R. § 42.520.

55. The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of State or local government or the entity of such state or local government that distributes such assistance and each such department or agency to which assistance is distributed. HALLANDALE BEACH is an instrumentality of State or local government. The HALLANDALE BEACH Board of City Commissioners distributes federal financial assistance through its legislative and budgetary process. Defendant's publicly available online content and streaming services is a "program or activity" within the meaning of the Rehabilitation Act. 29 U.S.C. Section 794(b)(1)(A) and (B).

56. On or about July 20, 2017 and September 20, 2017, Plaintiff requested that HALLANDALE BEACH provide effective communications by granting auxiliary, aids and services--closed captioning of videos on its website.

58. HALLANDALE BEACH has failed to provide Plaintiff with the requested auxiliary aids and services.

59. As stated in ¶12, Plaintiff was denied access to HALLANDALE BEACH's archived video content solely by reason of his disability. This denial of access to Defendant's "program or activity" subjected Plaintiff to discrimination, excluded Plaintiff from participation in the program

or activity and denied Plaintiff the benefits of Defendant's video content and archived video streaming service.  As of this filing, the video content in ¶19 remains uncaptioned and inaccessible to qualified or otherwise qualified persons.

60. The international website standards organization, W3C, has published widely-accepted guidelines ("WCAG 2.0 AA") for making video content accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and by Federal Courts and the United States Access Board.

61. HALLANDALE BEACH's archived video recordings do not comply with the WCAG 2.0 AA guidelines because they are not closed captioned.

62. HALLANDALE BEACH has engaged in unlawful practices in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 since 2014. These practices include but are not limited to denying Eddie I. Sierra, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided by HALLANDALE BEACH.

63. HALLANDALE BEACH  has acted with deliberate indifference to the provisions of the Rehabilitation Act and Title II of the ADA in regards to the unlawful practices described herein because HALLANDALE BEACH  knows it is denying Plaintiff rights protected under federal law; is aware of the availability of auxiliary aids and services and fails to provide any such services, including but not limited to closed captioning for its content identified in ¶19 and has failed to provide such auxiliary aids and services upon notice of Plaintiff's request for the same.

64. As a direct and proximate result of HALLANDALE BEACH 's unlawful

discrimination, Plaintiff has sustained injuries and damages and has suffered shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from participating and observing HALLANDALE BEACH government.

WHEREFORE the Plaintiff requests relief as set forth below:

A. A Declaratory Judgment finding that Defendant is in violation of the specific requirements of Rehabilitation Act and its relevant implementing regulations, in that Defendant took no action that was reasonably calculated to ensure that its video content described herein was fully accessible to, and independently usable by, disabled and hearing-impaired individuals;

B. A permanent injunction pursuant to 42 U.S.C. §12133; 28 CFR §35.160(a)1 and (b)1 and 29 U.S.C. § 794a(a)(2) which directs Defendant to take all steps necessary to bring and maintain its video content into full compliance with the requirements set forth in the ADA, and its implementing regulations, and the Rehabilitation Act of 1973, so that its video and live streaming content is fully accessible to, and independently usable by, hearing-disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. That Defendant ensure that all employees involved in website video content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

D. That Defendant create an accessibility policy that will be posted on its website, along

with an e-mail address and toll-free phone number to report accessibility-related problems.

E. Damages to Plaintiff as compensation for violating Plaintiff's rights under the Rehabilitation Act of 1973 and Title II of the ADA.

F. Payment of costs of suit;

G. Payment of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §794(a)(b) of the Rehabilitation Act; and 42 U.S.C. § 12205.

H. Any and all other relief this Court deems necessary and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 21th day of December 2018.

Respectfully Submitted,

*/s/ Juan Courtney Cunningham*
J. Courtney Cunningham, Esq.
Fla. Bar. No.: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 S.W. 74TH Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
F:  305-513-5942
cc@cunninghampllc.com