UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-24045-CIV-MORENO

EDDIE SIERRA,

    Plaintiff,

vs.

CITY OF HALLANDALE BEACH,
FLORIDA,

    Defendant.
_____/

## ORDER DISMISSING CASE FOR LACK OF STANDING

Plaintiff, Eddie Sierra, brings this suit under the Americans with Disabilities Act and the Rehabilitation Act because the Defendant City of Hallandale Beach failed to provide closed captioning on its website. Because the Court finds the Plaintiff does not sufficiently establish a particularized and concrete injury in fact, the Court dismisses the case for lack of standing. Even if Plaintiff could show standing, the record evidence does not establish intentional discrimination, which is necessary for Plaintiff to pursue his remaining statutory claims for damages.

THIS CAUSE came before the Court upon Plaintiff's Motion for Partial Summary Judgment **(D.E. 39)**, filed on **May 17, 2019** and Defendant's Motion for Summary Judgment **(D.E. 40)** filed on **May 17, 2019**.

THE COURT has considered the motions, the responses, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Court finds the Plaintiff lacks standing under Article III and therefore, the case is DISMISSED without prejudice for lack of jurisdiction. Even if the Plaintiff had standing, the Court finds the record evidence insufficient at summary judgment to meet the standard for intentional discrimination necessary to prove a statutory claim for damages.

## I. Background

Plaintiff, Eddie Sierra, is deaf. He filed this suit against the City of Hallandale Beach, Florida, alleging violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 (Count 1) and § 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count 2). He claims the City's failure to provide closed captioning on videos linked to its website violates these laws. His amended complaint seeks injunctive relief and damages.

This case was appealed to the Eleventh Circuit Court of Appeals, where the Eleventh Circuit analyzed whether the Twenty-First Century Communications and Video Accessibility Act of 2010 presents a jurisdictional hurdle to suits like Sierra's. It held the Act did not require Sierra to exhaust his claims with the Federal Communications Commission prior to filing suit under the ADA in this Court. Second, the Eleventh Circuit held the primary jurisdiction doctrine did not warrant abstention in this case.

The case proceeded in this Court and the parties filed cross-motions for summary judgment. The facts are largely not in dispute. Plaintiff is a disabled person under the ADA and the Defendant, a municipality, is a public entity as defined by Title II of the ADA. At the outset of this case, Defendant's website, www.hallandalebeachfl.gov contained video content, which was not closed captioned. On July 20, 2017, Plaintiff sent an email to then-Mayor Joy Cooper requesting closed captioning. On September 21, 2017, Plaintiff's counsel also forwarded Plaintiff's email to Mayor Cooper via the United States Postal Service.

During the pendency of this case, the City passed a resolution on April 17, 2019, which established a policy of ADA accessibility for the City's website and digital communications to satisfy current and continued compliance with ADA accessibility. The City removed all video content lacking closed captioning from its website. The removed videos are being maintained in the Clerk's Office and will be provided to members of the public upon request. The City will close caption any of the videos that were removed from the website upon request. The City has enabled all current streaming videos on its website and social media platforms to be viewed with closed captioning. All video content on the City's website is now closed captioned. The City intends to continue to ensure that all video content added to the website is closed captioned.

Plaintiff contends that he is interested in the governmental functioning of the City of Hallandale Beach. Due to his inability to understand aurally delivered information, he claims he was excluded from the Defendant's programs, services, and activities and subject to discrimination. Plaintiff does not state that he is a citizen of Hallandale Beach or that he lives nearby. Plaintiff's affidavit establishes he works in Broward County and regularly visits the City for his advocacy work. His work with South Florida Seniors in Action requires him to be familiar with policy issues in Hallandale Beach, including issues related to housing accommodations for seniors and disabled persons.

Plaintiff states that he could not view videos relating to "disability, senior citizens, aging in place, and the homeless." He states that his inability to understand these videos caused him to feel "humiliated, frustrated, and embarrassed" because the "video content is important to my work."

Defendant moved for summary judgment arguing the Plaintiff lacks Article III standing, the Plaintiff cannot establish a case for damages under the ADA or the Rehabilitation Act, the

3

Plaintiff's claims are moot, and the doctrine of primary jurisdiction requires the Court abstain from this case. In responding to the motion for summary judgment, Plaintiff relinquishes any claim for injunctive relief, and claims to merely be pursuing a damages remedy at this point. Because there is no claim for injunctive relief, the Plaintiff asserts his standing is no longer at issue because Defendant did not challenge his standing to assert a claim for damages under the ADA.[1] Along the same lines, Plaintiff asserts his claim for money damages is not moot. Finally, Plaintiff asserts the Court should not apply the primary jurisdiction doctrine to defer to the Department of Justice until it issues website accessibility regulations. Plaintiff also filed a cross-motion for summary judgment seeking a finding of ADA liability as a matter of law.

## II.    Legal Analysis

### A. Standing to Pursue Damages

Plaintiff contends that since he is no longer pursuing injunctive relief, his standing is no longer at issue. Defendant disagrees and argues the Plaintiff lacks standing to pursue a damages remedy under the ADA. "To have a case or controversy, a litigant must establish that he has standing, which must exist 'throughout all stages of litigation.'" *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of the jurisdictional doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 (1995). Article III standing has three elements. First, "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Second, there must be a "causal connection between the

---

[1] Of course, this Court is under a continuing obligation to ensure Plaintiff's Article III standing, which is a jurisdictional requirement.

injury and conduct complaint of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result of the independent action of some third party not before the court.'" *Id.* (citations omitted). Third, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (citations omitted).

The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* At the pleading stage, factual allegations of injury may suffice, but, in response to a motion for summary judgment, the plaintiff may no longer rely on "mere allegations" but must "set forth" by affidavit or other evidence "specific facts," which for purposes of the summary judgment will be taken as true. *Id.* (quoting Fed. R. Civ. P. 56(e)). At summary judgment, the burden to establish standing is satisfied only if "'affidavits or other submissions indicate that a genuine issue of material fact exists concerning standing.'" *Bischoff v. Osceola County*, 222 F.3d 874, 881 (11th Cir. 2000) (quoting *Munoz-Mendoza v. Pierce*, 711 F.2d 421, 425 (1st Cir. 1983)).

The Eleventh Circuit has found a tester plaintiff has standing to bring a claim under Title III of the ADA (this case is under Title II). *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). A tester is an individual who seeks out and sues entities that allegedly are in violation of the ADA. It is likely the Eleventh Circuit would also find a tester plaintiff has standing under Title II. *Price v. City of Ocala*, 375 F. Supp. 3d 1264, 1273 (M.D. Fla. 2019) (indicating the Eleventh Circuit's *Houston* decision adopted the reasoning of *Tandy v. City of Wichita*, 380 F.3d 1277 (10th Cir. 2004), where the Tenth Circuit concluded testers have standing to sue under Title II of the ADA). Although a tester may establish Article III standing by virtue of discovering the ADA violation, a tester plaintiff is also subject to the same standing

5

requirements as any other litigant. *Feltzin v. Triangle Properties #1, LLC*, No. 14-cv-5131, 2016 WL 11599264, *3 (E.D.N.Y. Dec. 15, 2016). That requirement is that Plaintiff establish he suffered an invasion of a legally protected interest that is concrete and particularized and actual, or imminent, not conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 146 S. Ct. 1540, 1548 (2016). "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'" *Id.* In *Feltzin*, the Court analyzed ADA standing under the *Spokeo* requirements and stated that "it is not enough for a plaintiff to allege conditions that violate the ADA; he must also allege facts sufficient to establish that he has been injured by those violations." *Feltzin*, 2016 WL 11599264 at *4. "Such an injury can take two forms: 'direct injury from personally encountering disability-based discrimination at Defendant's property' or 'deterrence from using Defendant's property because it is not ADA compliant.'" *Id.* (quoting *Shariff v. Kim's Rainbow Cleaners, Inc.*, No. 11-cv-1496, 2013 WL 5519970, *2 (E.D.N.Y. Sept. 30, 2013)). Here, Plaintiff is asserting that he suffered a direct injury from personally encountering the disability-based discrimination on Defendant's website.

In *Price*, the district court carefully examined standing considerations in ADA website cases. The court recognized the difficulty of applying traditional principles of standing to ADA website cases. *Id.* at 1270. The context of the standing analysis in *Price* differs somewhat from this case, because in *Price* the court was determining the plaintiff's standing to pursue injunctive relief, and the threat of future injury. Here, the question is whether the Plaintiff has suffered an injury-in-fact, establishing standing to pursue damages due to the website's failure to offer closed captioning. Nevertheless, the factors enunciated by the *Price* court are instructive to determine standing here.[2] For example, the district court examined the plaintiff's ties or

---

[2] The Eleventh Circuit also employed a totality of the circumstances test, including the Plaintiff's proximity to the noncompliant business, in *Houston*, 733 F.3d at 1339-40.

6

connections to the defendant governmental entity. The first factor is the link between the plaintiff and the governmental entity – e.g. whether the plaintiff is a citizen or lives nearby, whether the plaintiff has concrete plans to relocate within the government's bounds or visit it, or whether the plaintiff has family or friends who are citizens whom depend on the plaintiff. *Id.* Another factor is what information about the government entity's services, programs, or activities on the website are allegedly inaccessible. The district court recognized there is a difference between inaccessible information about current governmental services and archival information. Lastly, the *Price* court analyzed how the inaccessibility injured the plaintiff. Was a portion of the website inaccessible in a way that prevents the plaintiff from participating in or benefiting from government services? *Id.*

As stated, the Plaintiff abandoned any claim for injunctive relief and the question remaining is whether the Plaintiff has standing to assert a claim for compensatory damages. At summary judgment, it is undisputed that Plaintiff is deaf and relies on hearing aids and lip reading to understand aural communication. He relies on captions to view and understand aurally delivered information. It is undisputed that Defendant City of Hallandale Beach did not provide closed captioning for video content on its website. Plaintiff does not live in the City of Hallandale Beach, which is in Broward County, Florida. His affidavit, however, asserts that he works in Miami-Dade, Broward, and Palm Beach counties. His work in Broward County sufficiently establishes a link between Plaintiff and the City of Hallandale, such that the first factor weighs in favor of standing.

The second and third factors, however, weigh against a finding of standing. Plaintiff's affidavit only asserts a general interest in the policy of Hallandale Beach. Plaintiff's affidavit states that certain videos were not captioned, i.e. "videos relating to topics of special importance

7

to me, including issues relating to disability, senior citizens, aging-in-place, and the homeless." While this statement may be enough to allege standing in a complaint, it does not provide the "specific facts" necessary to support standing at summary judgment. Finally, Plaintiff's affidavit states that his inability to understand the videos made him feel "humiliated, frustrated, and embarrassed." He fails to establish how the inaccessible information hindered his ability to be involved with the City's government in a specific way or how it impeded his work. Making this generic statement is akin to a statement that he was harmed by the inaccessibility itself. On balance, the Court finds the Plaintiff has not met his burden to establish standing because the record evidence is devoid of "specific facts" establishing a "concrete and particularized" injury in fact.

*B. Compensatory Damages Claim*

Even if the Plaintiff could establish standing under Article III, the record is devoid of evidence of intentional discrimination. To prevail on a claim for compensatory damages under either the ADA or the Rehabilitation Act, a plaintiff must show that a defendant violated his rights under the statutes and did so with discriminatory intent. *McCullum v. Orlando Reg'l Healthcare Sys.*, 768 F.3d 1135, 1146-47 (11th Cir. 2014). A plaintiff may prove discriminatory intent by showing that a defendant was deliberately indifferent to his statutory rights. *Id.* (quoting *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012) ("[A] plaintiff may demonstrate discriminatory intent through a showing of deliberate indifference.")). The deliberate indifference standard is an exacting one, which requires more than a showing of gross negligence. *Id.* (quoting *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1259 (11th Cir. 2010)). To establish deliberate indifference, a plaintiff must show that the defendant "knew that harm to a federally protected right was substantially likely" and "failed to act on that likelihood."

*Id.* (quoting *Liese*, 701 F.3d at 344). "Where the substantial likelihood of harm is obvious, a jury may infer that the defendant had actual knowledge of that substantial risk of harm." *Id.*

Plaintiff points to two pieces of evidence to establish discriminatory intent. First, he says he emailed then-Mayor Joy Cooper of the City of Hallandale Beach on July 20, 2017 to request captioning of the video content on the Hallandale website. The letter included his email address so that Hallandale Beach could respond to him. The City of Hallandale Beach did not respond to him. Plaintiff's counsel also sent a copy of the email via the postal service, and the City did not respond. On August 4, 2017, he visited the City's website and the archived video content was not captioned. Second, he says that Hallandale Beach recently amended its policies, and took down uncaptioned videos from its website. The City of Hallandale Beach has provided evidence that it provides captioning of the archived videos upon request and it is now providing the service for videos on the website. Plaintiff argues the City's action is retaliatory evincing a discriminatory intent.

The Court finds these facts insufficient to establish a discriminatory intent. At most, the City's failure to respond to the email and the letter, amounts to negligence, and certainly does not evince the type of conduct necessary to establish deliberate indifference. Likewise, the City's actions in response to the Plaintiff's request for closed captioning does not show deliberate indifference. Although the Plaintiff may have felt that removing the archived video content from the website was an act of retaliation, it can also be said that the City sought to comply with the ADA, by ensuring all current video content on the website is closed captioned, and providing that service for archived content upon request. The City's manner of compliance does not show that it "failed to act on [the] likelihood," that there was harm to a federally protected right. On the contrary, it shows the City's intent to remedy its noncompliance. Therefore, even if the

Plaintiff had standing, the Court would still find in favor of the Defendant because the record evidence does not establish intentional discrimination.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st  of August 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Plaintiff had standing, the Court would still find in favor of the Defendant because the record evidence does not establish intentional discrimination.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st of August 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record